IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CR-22-D
No. 4:19-CV-136-D

| | | |
|---|---|---|
| CHICOBE ANTRELL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 26, 2019, Chicobe Antrell Williams ("Williams") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 151-month sentence [D.E. 75]. On October 18, 2019, Williams moved to amend his motion [D.E. 80]. On January 6, 2020, the government moved to dismiss Williams's motions [D.E. 85] and filed a memorandum in support [D.E. 86]. On February 12, 2020, Williams responded in opposition [D.E. 88]. On March 19, 2020, Williams moved to supplement his response [D.E. 89]. As explained below, the court grants William's motions to amend and to supplement, grants the government's motion to dismiss, and dismisses Williams's section 2255 motion.

I.

On January 8, 2018, pursuant to a written plea agreement [D.E. 48], Williams pleaded guilty to distribution of a quantity of cocaine base (crack). See [D.E. 48]; Rule 11 Tr. [D.E. 70] 2–22. On April 20, 2018, the court held Williams's sentencing hearing and calculated Williams's advisory guideline range to be 151 to 188 months based on a total offense level 29 and criminal history category VI. See Sentencing Tr. [D.E. 71] 2–16. After considering all relevant factors under section

3553(a), the court sentenced Williams to 151 months' imprisonment. See id. at 19–22. On June 13, 2018, Williams appealed [D.E. 64]. On May 16, 2019, the United States Court of Appeals for the Fourth Circuit dismissed Williams's appeal. See United States v. Williams, 770 F. App'x 118 (4th Cir. 2019) (per curiam) (unpublished).

In Williams's section 2255 motion, Williams contends that he received ineffective assistance of counsel because his lawyer failed to challenge his career offender designation. See [D.E. 75-1]; [D.E. 80-1].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354,

2

359–60 (4th Cir. 2013).

Williams procedurally defaulted his claim concerning the advisory guideline calculation by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Williams from presenting his claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Williams has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Thus, the claim fails.

Alternatively, Williams's plea agreement contains an appellate waiver. See [D.E. 48] ¶ 2(c). In the waiver, Williams agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Williams's Rule 11 proceeding and sentencing proceeding where Williams knew that his lawyer did not challenge the career offender designation, the appellate waiver is enforceable and bars his claim concerning the advisory guideline range calculation. Rule 11 Tr. at 2–22; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349,

3

354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Williams's claim falls within the appellate waiver. See [D.E. 86] 7–8. Accordingly, the claim fails.

Alternatively, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Williams must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the

4

result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

During Williams's Rule 11 proceeding, Williams swore that he understood the charge to which he was pleading guilty. See Sent. Tr. at 2–22. Williams also swore that he was fully satisfied with his lawyer's legal services, that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See id. Williams also swore that he understood that the court could sentence him up to the statutory maximum on the count of conviction, and that if the court did so, Williams could not withdraw his guilty plea. See id.

Williams's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Williams admitted to the charged crime. Williams's sworn statements also show that Williams understood that, even if he received a statutory-maximum sentence on the count of conviction, he could not withdraw his guilty plea and would not be able to go to trial. See Rule 11 Tr. at 2–22. Accordingly, Williams has not plausibly alleged "that, but for counsel's [alleged] unprofessional error, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

5

Simply put, Williams would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Thus, Williams cannot show prejudice from the alleged error, and the claim fails.

Alternatively, Williams cannot show prejudice for another reason. Essentially, Williams contends that if counsel had made a novel career offender argument concerning United States v. McCollum, 885 F.3d 300 (4th Cir. 2018), this court would have extended McCollum to Williams's conspiracy to sell cocaine convictions. This court, however, announced an alternative variant sentence and stated that it would have imposed the same sentence even if Williams were not a career offender. See Sent. Tr. at 19–23. Thus, the alternative variant sentence demonstrates that there was no prejudice.

Alternatively, the claim fails concerning counsel's performance. Defense counsel's investigation and advocacy at sentencing falls within the wide range of professional performance. See, e.g., Strickland, 466 U.S. at 691. An attorney does not provide ineffective assistance of counsel by failing to make creative, but unsupported arguments, or by failing to anticipate changes in the law. See, e.g., United States v. Morris, 917 F.3d 818, 823 (4th Cir., 2019); United States v. Davis, 767 F. App'x 535, 536 (4th Cir. 2019) (per curiam)(unpublished). Thus, the claim fails.

After reviewing the claim presented in Williams's motion, the court finds that reasonable jurists would not find the court's treatment of Williams's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

6

Case 4:17-cr-00022-D   Document 91   Filed 08/07/20   Page 6 of 7

II.

In sum, the court GRANTS William's motions to amend and to supplement [D.E. 80, 89], GRANTS the government's motion to dismiss [D.E. 85], DISMISSES Williams's section 2255 motion [D.E. 75], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 7 day of August 2020.

JAMES C. DEVER III
United States District Judge