IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CR-22-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHICOBE ANTRELL WILLIAMS, | ) | |
| Defendant. | ) | |

On May 7, 2021, Chicobe Antrell Williams ("Williams" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 96]. On March 10, 2022, Williams, through counsel, filed a memorandum in support [D.E. 101]. On April 1, 2022, the government responded in opposition [D.E. 103]. On April 12, 2022, Williams replied [D.E. 106]. As explained below, the court denies Williams's motion.

I.

On January 8, 2018, Williams pleaded guilty to distribution of a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 47, 48]. On June 4, 2018, the court held Williams's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 54]; [D.E. 61]; Sentencing Tr. [D.E. 71] 4. After resolving Williams's objections, the court calculated Williams's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months' imprisonment. See Sentencing Tr. at 4–16. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 151 months'

imprisonment. See id. at 19–22; [D.E. 62]. Williams appealed [D.E. 64]. On May 16, 2019, the United States Court of Appeals for the Fourth Circuit dismissed Williams's appeal. See United States v. Williams, 770 F. App'x 118 (4th Cir. 2019) (per curiam) (unpublished).

On September 26, 2019, Williams moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on ineffective assistance of counsel. See [D.E. 75]. On August 7, 2020, the court granted the government's motion to dismiss, dismissed Williams's section 2255 motion, and denied a certificate of appealability. See Williams v. United States, No. 4:17-CR-22-D, 2020 WL 4572915 (E.D.N.C. Aug. 7, 2020) (unpublished). Williams appealed, and his appeal remains pending [D.E. 93–95].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

2

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s timing requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see

3

Hargrove at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13, cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13, cmt. n.2.

On December 22, 2020, Williams applied to his warden for compassionate release. On December 23, 2020, the warden denied Williams's requests. See [D.E. 96-1] 13–14. In January 2021, Williams unsuccessfully appealed the denial. See id. at 8–12. Accordingly, the court considers Williams's motion on the merits. Cf. Muhammad, 16 F.4th at 130.

In support of his motion for compassionate release, Williams cites the COVID-19 pandemic, his health conditions, his rehabilitation, and his release plan. See [D.E. 96] 5–15; [D.E. 101] 7–11. Williams also argues the court should reduce his sentence because he no longer would be sentenced as a career offender. See [D.E. 96] 2–4, 16; [D.E. 101] 4–6.

As for his medical conditions, Williams argues that his obesity and hypertension place him at elevated risk of serious infection from COVID-19. See [D.E. 96] 8–11; [D.E. 101] 7–9. Williams also argues he cannot receive a COVID-19 vaccine because he previously suffered an anaphylactic reaction to the flu vaccine. See [D.E. 96] 4. Under the "medical condition of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not

4

expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Other than arguing that incarceration does not promote a healthy lifestyle, see [D.E. 101] 7, Williams does not argue that the BOP is not treating and monitoring his conditions or that he is unable to provide self-care while incarcerated. Cf. [D.E. 101-1] (medical records). And although Williams has concluded that he should not receive a COVID-19 vaccine, the wide availability of COVID-19 vaccines for others means that Williams "largely faces the same risk from COVID-19 as those who are not incarcerated." United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021). Accordingly, granting compassionate release because of Williams's health conditions and the general risk of COVID-19 in prison does not comport with the "medical condition of the defendant" policy statement. See 18 U.S.C. § 3582(c)(1)(A).

As for Williams's argument that he no longer qualifies as a career offender because his two convictions for conspiracy to sell cocaine are no longer predicates, the court assumes without deciding that Williams is correct. See United States v. Norman, 935 F.3d 232, 237–38 (4th Cir. 2019); United States v. McCollum, 885 F.3d 300, 304–09 (4th Cir. 2018); State v. Bindyke, 288 N.C. 608, 615, 220 S.E.2d 521, 526 (1975); State v. Garrett, 246 N.C. App. 651, 656–57, 783 S.E.2d 780, 785 (2016). However, two reasons diminish the weight of Williams's argument that his change in career-offender status constitutes an extraordinary and compelling reason for a sentence reduction. First, the government moved for an upward departure under U.S.S.G. § 4A1.3 at Williams's sentencing hearing. See [D.E. 59] 8–14. The court denied the motion in light of Williams's career-offender status. See Sentencing Tr. at 16. Had the court not sentenced Williams as a career offender and had granted the government's upward departure motion, Williams's advisory guideline range might still have been the same. Second, the court imposed Williams's sentence as an alternative variant sentence in light of the 18 U.S.C. § 3553(a) factors and would have imposed the same

5

sentence even if it had miscalculated the advisory guideline range. See id. at 23.

Nonetheless, the court assumes without deciding that COVID-19 and Williams's health conditions, his change in career-offender status, his rehabilitation, and his release plan constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Williams's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Williams is 37 years old and is incarcerated for distributing a quantity of cocaine base (crack). See PSR ¶¶ 1–3. Specifically, Williams was responsible for distributing 75.7 grams of crack cocaine and directing another person in the course of his drug-trafficking activities. See id. ¶¶ 11, 63. Unfortunately, Williams's serious criminal behavior was nothing new. Before his federal conviction, Williams repeatedly was convicted in state court, including for possession of cocaine, possession of marijuana, fleeing or eluding arrest with a motor vehicle, possession of drug paraphernalia (two counts), assault on a female (punching a pregnant woman in the face), criminal contempt, and conspiracy to sell cocaine (two counts). See id. ¶¶ 16–35. Williams also has a terrible record on state supervision, including absconding from supervision and engaging in new criminal conduct. See id. ¶¶ 16, 18–19, 21, 23–24, 30, 32–33.

Williams has taken some positive steps while federally incarcerated. See [D.E. 96] 6–8; [D.E. 101] 10–11. For example, Williams has taken education courses, such as courses in math and in financial literacy, and is currently working to complete his GED. See [D.E. 96] 7 n.5; [D.E. 96-1]

6

2; [D.E. 101] 11; [D.E. 101-3]. Williams has maintained employment working in food service. See [D.E. 96-1] 2. Moreover, Williams has not incurred any infractions. See [D.E. 96-1] 6.

The court must balance Williams's rehabilitation efforts with his serious criminal conduct, his terrible criminal history, his poor performance on supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Williams's potential exposure to COVID-19, his medical conditions, the advisory guidelines, and his release plan. The court recognizes Williams has supportive family and friends who would help him if released. See [D.E. 96] 8; [D.E. 96-1] 1 (job offer); [D.E. 101-2] (character letters). Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Williams's arguments, the government's persuasive response, the need to punish Williams for his serious criminal behavior, to incapacitate Williams, to promote respect for the law, to deter others, and to protect society, the court denies Williams's motion for compassionate release. See, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 96].

SO ORDERED. This _13_ day of June, 2022.

JAMES C. DEVER III
United States District Judge