|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | **AGREEMENT TO REVOKE SUPERVISED RELEASE WITHOUT A HEARING AND REVOCATION JUDGMENT** |
| v. | ) ) ) | |
| CHICOBE ANTRELL WILLIAMS | ) ) ) ) | |

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Chicobe Antrell Williams, for good cause shown and based on agreement of the parties as set forth herein:

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive the right to a revocation hearing by knowingly and voluntarily admitting the violations outlined in a motion for revocation. See Fed. R. Crim. P. 32.l(b)(2), (c)(2); United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. See Farrell, 393 F.3d at 500; United States v. Stehl, 665 F.2d 58, 58–60 (4th Cir. 1981); see also Fed. R Crim. P. 32.l(c)(1)-(2).

## ADMISSION OF VIOLATIONS

The United States withdraws violation two and proceeds only on violation one in the Motion for Revocation. The defendant knowingly and voluntarily admits to violation one in the Motion for Revocation filed November 7, 2025. The Government can prove by a preponderance of the evidence a violation has occurred. The defendant further stipulates the evidence in this matter is both sufficient and likely to result in a finding that the conditions of supervised release have been violated. Specifically, the defendant has committed the following violation of supervised release:

1.  Criminal Conduct                                                      Grade B Violation

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges reviewing with counsel 1) the notice of the alleged violations of supervised release and 2) the evidence related to each.

The defendant further acknowledges being aware of the following rights and is knowingly waiving them:

1.  The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2.  The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

The defendant acknowledges the Court may revoke, modify, or impose additional conditions of supervised release in addition to those which were imposed in the original sentencing order.

## STIPULATIONS AND RECOMMENDATIONS

Pursuant to U.S.S.G. Chapter 7 Policy Statements, the parties stipulate the defendant's violation is a maximum Grade B with a criminal history category VI. According to U.S.S.G. § 7C1.5, a Grade B violation and a

WILLIAMS, Chicobe Antrell
4:17-CR-22-D
Page 2

criminal history category VI produces an imprisonment range of 21 to 24 months. The court has the statutory authority to impose an active sentence of up to 24 months, if deemed appropriate.

Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the parties agree and recommend that the defendant **be revoked and imprisoned for a term of 18 months with no supervision to follow.** If the Court rejects this sentence, each party has the right to withdraw from this Agreement and have an evidentiary hearing on the revocation of supervised release.

Chicobe Antrell Williams, Defendant

4-15-26
Date

Aaron Davison, Attorney for the Defendant

4/15/2026
Date

Jennifer C. Nucci, Assistant U.S. Attorney

4/9/2026
Date

RECOMMENDED BY U.S. PROBATION:

Tuell Waters, Senior U.S. Probation Officer

4/8/2026
Date

Dewayne L. Smith, Supervisory U.S. Probation
Officer

4/8/2026
Date

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the supervised release term heretofore granted be revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for 18 months.

**IT IS FURTHER ORDERED** that the Clerk provide the U.S. Marshal a copy of this Order and same shall serve as the commitment herein.

SO ORDERED. This the **17** day of **April**, 20**26**.

JAMES C. DEVER III
U.S. District Judge